UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RYAN SCOTT SMITH,

        Plaintiff,

v.                                                                                  23-CV-6719-FPG
                                                                                    ORDER

BRENT NOVAK, et al.,

        Defendants.
_____

    *Pro se* Plaintiff Ryan Scott Smith is an inmate confined at the Elmira Correctional Facility. He filed this action requesting relief under 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and New York laws. ECF No. 1. He also moved to proceed *in forma pauperis*. ECF No. 2. The Court granted Plaintiff's motion to proceed *in forma pauperis*, ECF No. 4, and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, ECF No. 9.

    The initial screening order permitted Plaintiff's excessive force and failure to intervene claims to proceed to service; dismissed his state law claims as untimely; dismissed with prejudice his claims against the Deputy United States Marshals in their official capacities; and dismissed his claim against the Niagara Falls Police Officer in his or her official capacity with leave to amend.

    Plaintiff has now filed an amended complaint, which the Court accepts as timely filed. ECF No. 19. He has also filed a letter motion, which asks for a copy of his amended complaint and the appointment of counsel. ECF No. 18.

I.      **Review of the Amended Complaint**

The Court has reviewed the amended complaint pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff asserts three claims: (1) excessive force, (2) failure to intervene, and (3) municipal liability.

The initial screening order set forth the elements required to plausibly allege a municipal liability claim and apprised Plaintiff of the deficiencies in his pleading. ECF No. 9 at 10-12. The Court now dismisses Plaintiff's municipal liability claim because his amended complaint does not cure those deficiencies. Specifically, Plaintiff's broad allegation that it is "obvious" that Niagara Falls has a custom of not reporting excessive force claims, ECF No. 19 at 11, is not sufficient to plausibly allege municipal liability. It is well settled that "[t]o [merely] state there is a policy does not make it so." *Betts v. Shearman*, No. 12-CV-3195, 2013 WL 311124, at *16 (S.D.N.Y. Jan. 24, 2013), *aff'd,* 751 F.3d 78 (2d Cir. 2014). And courts accessing municipal liability claims generally "disregard[] the use of conclusory allegations that do not provide additional support that a plaintiff's experience is consistent with a larger pattern of similar conduct." *D.J. by Comfort v. Corning-Painted Post Area Sch. Dist.*, 722 F. Supp. 3d 148, 162 (W.D.N.Y. 2024) (quoting *Vasquez v. City of New York*, No. 20-CV-4641, 2023 WL 8551715, at *5 (S.D.N.Y. Dec. 11, 2023)). Plaintiff's allegations involve only what happened in his own case, and his single example of Niagara Falls's failure to investigate the alleged incident "is insufficient to allege a practice so widespread and persistent as to amount to a policy or custom of the City." *Pryor v. City of New York*, No. 16-CV-8232, 2018 WL 4538904, at *4 (S.D.N.Y. Sept. 21, 2018) (collecting cases); *see Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 14 (2d Cir. 2015) (summary order) (affirming dismissal of municipal liability claim noting, "other than the plaintiff, the amended complaint provides only one additional example of a similar incident").

Plaintiff's amended complaint adequately realleges his excessive force and failure to intervene claims and these claims will proceed to service upon Brent Novak, Scott Baryza, Andrew Pappas, Ryan Shanahan, and Carmen Clark.[1]  However, Plaintiff's amended complaint does not clearly identify the three John Doe defendants he has listed on page 14. ECF No. 19 at 14. Specifically, it is not clear whether these individuals are Niagara Falls Police Officers or Deputy United States Marshalls.  Plaintiff also has written "Niagara Fall[s] Police Officers" on page 2 of his amended complaint.  It is not clear whether he intended this as a descriptor of the Does listed above this writing, or something else.  However, the Court will grant Plaintiff thirty days to file a response stating whether he intends to pursue claims against "Niagara Falls Police Officers," "John Doe 1," "John Doe 2," or "John Doe 3."  If Plaintiff intends to pursue claims against any of these individuals, he must assist in identifying them.

As a final note, the Court's observations in the initial screening order regarding the timeliness of Plaintiff's claims were made for purposes of screening.  Defendants, upon service, may raise the statute of limitations, and any other defenses, in their response to the amended complaint.  *See* Fed. R. Civ. P. 12(b).  Moreover, under 28 U.S.C. § 1915 and prior to entry of final judgment, the Court may *sua sponte* revisit an earlier determination that Plaintiff's claims were sufficient to proceed to service.  *See Fitzgerald v. Oakes*, No. 18-CV-06359, 2020 WL 2839327, at *4 (W.D.N.Y. June 1, 2020); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y. 2009) (noting that conclusions made in a screening order do not immunize the pleading "from attack under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6)," and "[i]n any event, even if the

---

[1] A "plaintiff is allowed to plead in the alternative" and "the alternative claims need not be consistent." *Breton v. City of New York*, 404 F. Supp. 3d 799, 814 (S.D.N.Y. 2019).  Here, which defendants were directly involved in the excessive force and which defendants failed to intervene is a fact intensive inquiry that will not be resolved at screening.

3

Order had contained such a ruling, the Court possesses the inherent authority to *sua sponte* reconsider its own orders before they become final").

**II.   Motions**

The Court denies without prejudice Plaintiff's motion to appoint counsel. ECF No. 18. There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; the indigent's ability to investigate the crucial facts; the indigent's ability to present the case; and the complexity of the legal issues. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). At this early stage of the proceedings, the Court remains unable to properly assess the relevant factors. Plaintiff is free to resubmit his motion to appoint counsel if and when the case proceeds to discovery.

Plaintiff has also asked the Court to provide him a copy of his amended complaint because the correctional facility copier was broken when he mailed the document for filing. Section 1915 does not entitle a litigant "to complimentary copies of the materials contained in a court's files. Instead, a party is required to pay for copies of such documents even though he has been found to be indigent under this statute." *Benitez v. Mailloux*, No. 05-CV-1160, 2008 WL 4757361, at *4 (N.D.N.Y. Oct. 29, 2008). However, the Court has no reason to question Plaintiff's claim that he was unable to copy his amended complaint because the correctional facility's copier was broken. And his *in forma pauperis* application suggests that he does not have the funds to cover the nominal cost of copying his amended complaint. ECF No. 2 at 2, 4 (showing that in the preceding six

4

months, Plaintiff's inmate trust fund account had an average daily balance of ten cents). Without access to a copy of his amended complaint, Plaintiff would undoubtedly have difficulty in prosecuting this matter. The Court finds, in the interest of justice, that Plaintiff should be provided—in this one instance—a copy of his amended complaint without payment therefore. Plaintiff should be aware that the Court is making an exception to its normal procedures, *see* L.R. Civ. P. 5.4, and the grant of Plaintiff's request does not mean that further requests will be treated similarly.

## ORDER

IT HEREBY IS ORDERED that the Clerk of Court shall cause the United States Marshals Service to serve copies of the summons, the amended complaint, and this order upon Brent Novak, Scott Baryza, Andrew Pappas, Ryan Shanahan, and Carmen Clark, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that Plaintiff shall, no later than thirty (30) days from the date of this order, file a written response stating whether there are any John Doe defendants to this matter and if there are Doe defendants, Plaintiff must provide information to assist in identifying said defendants. Failure to file a response or to provide sufficient information to identify the Doe defendant(s) will result in termination of Niagara Falls Police Officers, John Doe 1, John Doe 2, and John Doe 3; and it is further

ORDERED that the Clerk of Court shall forward a copy of this order and the amended complaint to: (1) the United States Marshals Service for the Western District of New York, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202; (2) Mary Pat Fleming, Assistant United States Attorney, mary.pat.fleming@usdoj.gov; (3) Christopher Mazur,

Corporation Counsel for the City of Niagara Falls, New York, 745 Main Street, Niagara Falls, New York 14301; and (4) Elizabeth Eaton, Niagara Falls City Clerk, 745 Main Street, Room 114, Niagara Falls, New York 14301; and it is further

ORDERED that once served, the defendants shall answer the complaint or respond under 42 U.S.C. § 1997e(g); and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff with this order a copy of his amended complaint (ECF No. 19); and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes. The Court may dismiss the action if Plaintiff fails to do so.

IT IS SO ORDERED.

Dated: November 12, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York